J-S20041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK ADAM YEAGER | : | |
| | : | |
| Appellant | : | No. 93 EDA 2023 |

Appeal from the PCRA Order Entered December 19, 2022
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000377-2013

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:            **FILED SEPTEMBER 14, 2023**

Frank Adam Yeager, *pro se*, appeals from the order dismissing as untimely his November 28, 2022 filing, which was construed by the lower court as Post Conviction Relief Action ("PCRA") petition. **See** 42 Pa.C.S. §§ 9541-9546. We agree that Yeager's filing was properly adjudicated as a PCRA petition. Resultantly, because Yeager failed to plead and prove an exception to the PCRA's time bar, neither we nor the lower court have jurisdiction to consider the claims raised therein. As such, we affirm the order dismissing his petition.

While the facts underpinning Yeager's convictions are not inherently relevant to this appeal, we adopt the lower court's factual and procedural summaries leading to the present matter:

---

* Retired Senior Judge assigned to the Superior Court.

The victim was a saleswoman for Pulte Homes at its new development in Upper Macungie Township, Lehigh County. On November 25, 2012, just before closing time at 7:00 p.m., she was alone in the office at the development. [Yeager] entered the office and asked the victim if she would show him one of the model homes[;] the victim became suspicious because of the way [Yeager] was acting and because he did not ask for information about the home. She told him to look at the home himself. He went to the model home and was there for about 45 minutes. It was [Yeager's] plan to get the woman alone in an upstairs bedroom of the model home and to rape her there. When he was upstairs in the model home, he looked from the windows to see if the victim was [coming]. To prepare for the rape, he closed the curtains in a bedroom and turned off the lights.

When the victim did not come to the model home, [Yeager] returned to the office and told her that there was a water leak in the home and he wanted to show it to her. She was still suspicious and she refused to go with him. [Yeager] continued to ask her to inspect the leak. A male co-worker of the victim then entered the office at which point [Yeager] quickly left. [Yeager] went to his pickup truck and waited for the male co-worker to leave. After a while, [Yeager] got tired of waiting and drove off.

In various statements, [Yeager] admitted that it was his plan to lure the victim into a bedroom on the second floor of the model home and to rape her there. He stated that he chose the office closing time because of the likelihood that the woman would be alone.

Police obtained a search warrant and found, *inter alia*, a handwritten note by [Yeager] describing his fantasy about raping a female realtor and a suicide note detailing plans to rape other women that had been unsuccessful and expressing an intent to kill himself and set the model home on fire after raping the victim. Additionally, a search performed on [Yeager's] pickup truck revealed numerous tools consistent with the plans [Yeager] detailed, including matches, a lighter, knives, binoculars, a ski mask, gloves, rope, two handguns, several magazines and ammunition, a chain, padlocks, duct tape and realty brochures.

[Yeager] entered a guilty plea to one count of [a]ttempted [r]ape on April 29, 2013. In exchange for his plea, the Commonwealth withdrew two firearms and possession of

instruments of crime charges. [Yeager was sentenced to ten to twenty years' imprisonment.] On his direct appeal, [Yeager] did not claim he was innocent. He also did not [make that allegation] in his counseled PCRA.

[Yeager] filed a timely PCRA [p]etition on September 9, [2015]. The PCRA court conducted an evidentiary hearing and denied the petition on April 4, 2016. The Superior Court affirmed the denial of the PCRA [petition] on June 13, 2017.

[Yeager] filed a Petition for Writ of *Habeas Corpus*[, the document controlling the present case,] on November 28, 2022 and captioned it as a civil matter. The Clerk of Judicial Records forwarded it to the [lower court] for review. After reviewing the petition, [it] determined that [Yeager's submission was] a petition for post-conviction relief. . . . On November 30, 2022, the [c]ourt entered an order putting [Yeager] on notice of the [c]ourt's intent to dismiss without a hearing. [Yeager] filed a response on December 13, 2022. On December 19, 2022, the [c]ourt entered an order dismissing [Yeager's] PCRA [petition].

Trial Court Opinion, 1/24/23, at 2-4 (citations and quotation marks omitted) (formatting altered) (italics added). After that dismissal, Yeager filed a timely notice of appeal. The relevant parties have adhered to their obligations under Pennsylvania Rule of Appellate Procedure 1925, and accordingly, this matter is ripe for review.

Preliminarily, as it controls this appeal, we note that the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including *habeas corpus*[.]" 42 Pa.C.S. § 9542 (italics added); **see also Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) ("[T]he PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential

remedy, the PCRA statute subsumes the writ of *habeas corpus*.") (citations omitted).

In arguing that the lower court erred by applying the PCRA to his petition, Yeager contends that his November 28, 2022 filing should have been treated outside of the PCRA's domain as a *habeas* petition because "the contractual enforcement of a plea agreement … is not cognizable under the auspice of the [PCRA.]" Appellant's Brief, at 7.

While it is true that "a collateral petition to *enforce* a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance[,]" ***Commonwealth v. Kerns***, 220 A.3d 607, 611-12 (Pa. Super. 2019) (emphasis added), in a wholly distinct manner, Yeager's petition attempts to invalidate his plea agreement. ***See*** Appellant's Brief, at 9 ("[Yeager's] plea agreement … is contractual[ly] invalid for lack of the availability of 'an attempt' in the charge of rape. This enforcement of the initial plea bargain is a legal impossibility as the factual basis for the plea does not exist[.]"). Essentially, Yeager argues that he entered into his plea under false pretenses because although he "adequately prepared for a rape, … [he] never went through with a significant step toward that rape since the acts [were] confined to preparation only and were abandoned before any transgression of the law[.]" ***Id***. (quotation marks omitted) (formatting altered). Accordingly, there was no factual basis for him to assent to what he is implicitly describing as an unlawfully induced plea.

Despite him arguing to the contrary, such a contention, believing his original plea agreement to be "void" or "voidable," *id.*, at 10, falls squarely within the PCRA's ambit. *See* 42 Pa.C.S. § 9543(a)(2)(iii) (establishing that, under the PCRA, relief may be sought if there has been a conviction or sentence involving an unlawfully induced guilty plea "where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent[]"); *see also, e.g.*, *Commonwealth v. Oliver*, 128 A.3d 1275, 1280 (Pa. Super. 2015). Consequently, as the PCRA is capable of providing him with the relief that he now seeks, the court was correct in treating Yeager's filing as his second PCRA petition.

With Yeager having filed a PCRA petition, as with all cases involving the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted). To seek relief under the PCRA, a petitioner must satisfy the jurisdictional requisite of timeliness; otherwise, a PCRA court cannot hear untimely PCRA petitions. *See Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). Specifically, PCRA petitions must be filed within one year of the date a judgment of sentence becomes final. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007); 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Notwithstanding jurisdictional concerns, a petitioner can avail himself of the PCRA's three exceptions to its one-year time bar. Specifically, for an otherwise untimely PCRA petition, a petitioner must demonstrate the existence of: (1) newly-discovered facts; (2) interference by a government official; or (3) a newly-recognized constitutional right. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner seeking to prove the applicability of a time-bar exception must also allege and prove that he filed his petition within one year of the date his time-bar exception claim first could have been presented. 42 Pa.C.S. § 9545(b)(2). "Our Supreme Court has repeatedly stated it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Smallwood**, 155 A.3d 1054, 1060 (Pa. Super. 2017) (citation omitted).

After this Court affirmed Yeager's judgment of sentence in **Commonwealth v. Yeager**, 2014 WL 10786870 (Pa. Super., December 22, 2014) (unpublished memorandum), and he sought no further relief from our Supreme Court, Yeager's judgment of sentence necessarily became final in the year 2015. Yeager then filed his first and timely PCRA petition on September 9, 2015, which was ultimately resolved through this Court's affirmance of the PCRA court's dismissal of that petition in 2017. Therefore,

Yeager's present 2022 petition, filed several years after his judgment of sentence became final, is facially untimely.

Yeager does not illuminate, much less discuss, any of the three bases that were available to him in his attempt to surmount the PCRA's time bar in his 2022 petition or in his appellate brief. As he has failed to plead and prove the applicability of any exception, we are without jurisdiction to consider the underlying allegations contained in his petition, and the lower court was correct in its determination of the same. In the absence of any PCRA time bar exception, we affirm the lower court's order dismissing Yeager's PCRA petition.

Order affirmed.

*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* <u>9/14/2023</u>